UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:                                    *
                                          *
SHAUN EDWARD BARRY,                       *         Chapter 7
VANESSA ANN BARRY,                        *
                                          *
         Debtor(s)                        *         No.   05-40736
                                          *

ORDER DISMISSING CASE

THIS CASE came on for hearing on the motion of the United States Trustee to dismiss pursuant to § 707(a) of the Bankruptcy Code. The basis for the Trustee's motion is that the debtors, by this bankruptcy, are attempting to discharge debts for which they were denied a discharge in a previous case. At the conclusion of the hearing, I announced that the Motion to Dismiss would be denied. After further review of the file, and considering the case trustee's indication that there appeared to be no assets in this estate for distribution to creditors, I hereby recede from the announcement made at the conclusion of the hearing and dismiss the case.

The debtors initiated this case on June 10, 2005, by the filing of a Joint Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. In their petition, the debtors disclose that they filed a prior bankruptcy case on May 1, 2001, but did not indicate either the jurisdiction or the case number of that case. At the meeting of creditors under § 341(a), the Chapter 7 trustee learned that the debtors had filed a Chapter 7 bankruptcy in the District of Arizona on May 1, 2001. In that case, the Chapter 7 trustee filed a Complaint Objecting to Discharge pursuant to §§ 727(a)(2) and (a)(4) of the Code. The debtors failed to answer the Complaint, and the U.S. Bankruptcy Court for the

District of Arizona entered a Default Judgment against the debtors denying their discharge. In this case, the vast majority of the scheduled debts were incurred prior to May 1, 2001, however, there is no indication that those debts would not be discharged in this case. The U.S. Trustee argues that the debtors are attempting to utilize this bankruptcy to discharge those debts for which they were denied discharge in the prior case. Those debts would not be discharged in the instant case pursuant to § 523(a)(10) of the Code which excepts from discharge those debts:

> (10) That was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this Title or under the Bankruptcy Act in which the debtor waived discharge or was denied a discharge under § 727(a)(2), (3), (4), (5), (6), or (7) of this Title …

The debtors in their response take the position that the Default Judgment is "insufficient to give rise to issue preclusion, or res judicata" and thus the judgment denying the discharge does not preclude relitigation of the issues raised in the Arizona case and does not result in the denial of discharge pursuant to § 523(a)(10). In support of this argument, the debtor cites **In re Palmer**, 207 F.3d 566 (9th Cir. 1998) for the proposition that judgments entered by default in the 9th Circuit are not entitled to res judicata affect. Thus, debtors take the position that notwithstanding the previous denial of their discharge, because that judgment was a default judgment they can still discharge those debts in this case. The fallacy of debtors' argument lies in the fact that they are attempting to argue principles of collateral estoppel to defeat the application of res judicata. While they cite the **Palmer** case for the proposition that judgments by default are not entitled to res judicata effect, the term res judicata does not appear anywhere in that case.

The doctrine of collateral estoppel or issue preclusion apply in bankruptcy cases to preclude the relitigation of issues previously litigated. The elements of collateral estoppel regarding the dischargeability of a debt in a bankruptcy court are as follows:

1. The issue in the prior action and the issue in the bankruptcy court are identical;

2. The bankruptcy issue was actually litigated in the prior action;

3. The determination of the issue in the prior action was a crucial and necessary part of the judgment in that litigation; and

4. The burden of persuasion in the discharge proceeding must not be significantly heavier than the burden of persuasion in the initial action. **Bush v. Balfour**, 62 F.3d 1319 (11th Cir. 1995).

This case, however, has nothing to do with collateral estoppel. Here the issue is the effect of the previous judgment denying discharge. The doctrine of res judicata, or claim preclusion, prevents litigation of all grounds for or defenses to recovery that were previously available to the parties regardless of whether they were asserted or determined in the prior proceeding. **In re Gregg**, 268 BR 295, 300 (Bankr. N.D. Fla. 2001). In order to invoke the doctrine of res judicata a party must satisfy four elements:

1. The prior decision must have been rendered by a court of competent jurisdiction;

2. There must have been a final judgment on the merit;

3. Both cases must involve the same parties or previes; and

4. Both cases must involve the same causes of action.

*Id.* In this case, it is clear that the Final Judgment from the Bankruptcy Court for the District of Arizona is entitled to res judicata effect. As to the impact of a default judgment, the Court of

Appeals for the DC Circuit succinctly states the law in ***Woods v. Cannaday***, 158 F.2d 184 (DC Cir. 1946) in which that court said:

> We have held often enough not to require repetition that res judicata applies not only to points on which the Court was actually required to pronounce judgment, but, as well, to every point which properly belonged to the subject of the controversy and which the parties, in the exercise of reasonable diligence, might have brought forward at the time. (Citations omitted).
>
> Nor is it of any consequence that the judgment was entered by default. Any question in that respect is laid at rest by the decisions of the Supreme Court that judgment entered after default is just as conclusive and adjudication between the parties of whatever is essential to support the judgment is one entered after answering contest. (Citations omitted). 158 F.2d at 185.

It is clear, therefore, that pursuant to § 523(a)(10), those debts that were or could have been listed in the debtors' previous bankruptcy cannot be discharged in this case. Furthermore, such debts are excepted from discharge without the necessity of an adversary proceeding or any affirmative action being initiated by the creditors. ***In re Harrison***, 206 BR 910 (Bankr E.D. Tenn. 1997).

Since almost all of the debts listed in this bankruptcy are excepted from discharge and there are no assets to be distributed to creditors, the question becomes what useful purpose will be served by the continuation of this case. The answer to that question is none. The debtors might receive a discharge of an insignificant number of debts incurred since 2001, but they would still be saddled with all of the debts from their previous case. Furthermore, under § 727(a)(8) under the Bankruptcy Code as recently amended by the Bankruptcy Abuse Prevention Consumer Protection Act of 2005, discharge in this case would bar the debtors from receiving a discharge in another case for a period of eight years. To incur an eight year bar to future discharge in order to obtain the benefit of the discharge of a few small debts is clearly contrary to the debtors' interest.

Since the debtors cannot discharge the debts from their previous case and the administration of this case would serve no useful purpose, I find that cause for dismissal exists under § 707(a) and accordingly, it is

ORDERED AND ADJUDGED that this case is hereby dismissed.

DONE AND ORDERED at Tallahassee, Florida, this 21st day of November, 2005.

LEWIS M. KILLIAN, JR.
Bankruptcy Judge

cc: All creditors and parties in interest